IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE RIDGEWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:20-CV-200 |
| ) | |
| JERI SMOCK, et al, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

This action was received by the Clerk of Court on July 7, 2020. It was assigned and referred to United States Magistrate Judge Maureen P. Kelly, for report and recommendation in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

Plaintiff, acting pro se, initiated this action about the treatment of a medical condition during his incarceration at SCI Albion. Plaintiff claims that his Eighth Amendment rights were violated by, among others, Defendants Dr. Letizio and Physicians Assistant Stroup.[1] While Plaintiff was using crutches prescribed by someone in the medical department, he fell climbing the stairs to his top tier cell and was injured.

Plaintiff claims that Letizio and Stroup were on notice of his medical condition before the fall, that they had control over housing assignments, and that it was known and obvious that inmates using crutches should be, and regularly were, housed on the bottom tier. Plaintiff's legal

---

[1] Two DOC Defendants also remain: Superintendent Clark and Unit Manager Webb.

1

claims against these Defendants are deliberate indifference under the Eighth Amendment and state law claims of negligence, retaliation, and intentional infliction of emotional distress.

Defendants Letizio and Stroup filed a motion for summary judgment and Plaintiff, represented by counsel, opposed the motion for summary judgment. ECF No. 101, 114. On October 12, 2023, Magistrate Judge Kelly issued a Report and Recommendation recommending that Defendants' motion be granted in part and denied in part. ECF No. 119. To wit, summary judgment should be granted in favor of Letizio and Stroup

- As to any Eighth Amendment claim arising out of Plaintiff's post-fall medical care and treatment;
- As to any Eighth Amendment claim against Letizio arising out of Plaintiff's medical care or housing decisions;
- As to any Eighth Amendment claim against Stroup based on deliberate indifference to a serious medical need; and
- As to any Eighth Amendment claim against Stroup based on deliberate indifference to conditions of confinement.

Judge Kelly further recommended that summary judgment should be denied as to Plaintiff's negligence claim against these Defendants. Additionally, she noted that Plaintiff voluntarily withdrew his retaliation and emotional distress claims against these two Defendants.

Plaintiff filed Objections to the Report and Recommendation. ECF No. 123. These Objections are limited to the Judge Kelly's conclusions regarding the Eighth Amendment claim against Defendant Stroup based on conditions of confinement (i.e., the lack of an assignment to a lower tier cell while Plaintiff was using crutches). Plaintiff argues that Judge Kelly improperly concluded that Defendant Stroup did not have the requisite knowledge of a substantial risk to Plaintiff when (1) the risk was obvious and Defendant Stroup was grossly negligent; and (2) the obviousness of the risk is a question of fact that must be decided by the jury. Plaintiff does not

object to any finding related to Defendant Letizio. Defendants Letizio and Stroup filed a Reply addressing Plaintiff's Objections. ECF No. 126.

The arguments presented in the Objections and Reply thereto necessitate a *de novo* review of the record evidence. Plaintiff was examined by Defendant Stroup on July 6, 2018 for complaints of pain and swelling in his left foot. Stroup prescribed ibuprofen and ordered a uric acid level test to rule out gout. The July 6th Progress Note does not mention crutches. ECF No. 100-2, pages 343-44. A week later on July 7th, Plaintiff was examined by a non-defendant doctor who noted that he was using crutches and should continue to do so. *Id.* at page 342. Later that day, Plaintiff fell on the stairs. *Id.* at page 340. Importantly, the record is devoid of any evidence that Defendant Stroup prescribed crutches or that Stroup knew Plaintiff was using crutches and continuing to traverse stairs. Absent such evidence against Defendant Stroup, summary judgment should be granted in his favor on the Eighth Amendment claim.

After *de novo* review[2] of the Complaint and documents in the case, together with the Report and Recommendation, Objections thereto, and Reply brief, the following order is entered:

AND NOW, this 25th day of January 2024,

IT IS ORDERED that the motion for summary judgment filed by Defendants Letizio and Stroup [ECF No. 101] is granted in part and denied in part. Summary judgment is granted in

---

[2] "If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) *quoting* 28 U.S.C. § 636(b)(1). Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part— the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72(D)(2).

favor of Stroup and Letizio as to any Eighth Amendment claim. Summary judgment is denied as to Plaintiff's negligence claim against Stroup and Letizio.

IT IS FURTHER ORDERED that Plaintiff's state law claims of retaliation and intentional infliction of emotional distress are dismissed as Plaintiff has voluntarily withdrawn them.

AND, IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Kelly, issued on October 12, 2023 [ECF No. 119] is adopted as the opinion of the court.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge